UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24539-mc-COOKE/TURNOFF

ATLAS ONE FINANCIAL GROUP, LLC, *et al.*,

    Petitioners

vs.

FREECHARM LIMITED,

    Respondent.

_____/

## ORDER REMANDING CASE TO ARBITRATION PANEL

THIS CAUSE is before me on Petitioners' Motion to Confirm Arbitration Award (ECF No. 1) and Respondent's Motion to Vacate or Modify Arbitration Award (ECF No. 5). I have reviewed the motions, the arbitration hearing transcripts (ECF No. 12) and the relevant legal authorities. For the reasons explained below, this case is remanded to the arbitral panel for clarification as to why the award was rendered.

## Background

Respondent, Freecharm Limited ("Freecharm") is a member of the Financial Industry Regularity Authority ("FINRA"). FINRA members are obligated to arbitrate disputes that arise in connection with their business. On or about February 24, 2009, Freecharm initiated arbitration proceedings against Petitioners Atlas One Financial Group, LLC, Atlas One Capital Management, Inc., Gustavo E. Hegewisch, Jorge Garcia-Garcia and Flavio A. Lobato. Although Petitioners are not FINRA members, they each voluntarily submitted to the jurisdiction of FINRA Dispute Resolution. In its arbitration statement of claim, Freecharm asserted various causes of action against Petitioners for violation of Chapter 517, Florida Statutes, fraud, breach

of fiduciary duty, gross negligence and negligent supervision related to the alleged unauthorized and/or excessive trading, and excessive margins for various securities accounts.

The arbitration panel held hearings in September 2010 and again in December 2010. On December 17, 2010, the arbitration panel entered an award (the "Award") that stated, in its entirety:

> After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resulution of the issues submitted for determination as follows:
>
> [Freecharm's] claims are denied in their entirety.
>
> Each party shall bear their own costs and attorneys' fees.
>
> Any and all claims for relief not specifically addressed herein, including [Freecharm's] request for punitive damages and [Freecharm's] claims for relief for violation of Chapter 517 of the Florida Statutes, are denied.

(*FINRA Dispute Resolution Award, Arbitration No. 09-01002* (ECF No. 1-1)).

On December 20, 2010, Petitioners filed a Motion to Confirm Arbitration Award. (ECF No. 1). On January 4, 2011, Freecharm filed a Motion to Vacate or Modify Arbitrator's Award or Order Staying Enforcement of Arbitrator's Award (ECF No. 5).

## Discussion

An arbitration panel's decision must be afforded considerable deference. *Osram Sylvania, Inc. v. Teamsters Local Union*, 87 F.3d 1261, 1263 (11th Cir. 1996). The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA") creates a presumption in favor of confirming arbitration awards. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *see also B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006) ("Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act."). Upon proper application, a district court must issue an order confirming an

arbitration award "unless the award is vacated, modified, or corrected" 9 U.S.C. § 9. The party seeking vacatur bears the burden of asserting sufficient grounds to vacate the award. *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000).

The FINRA Rules require an award to contain a summary of the issues presented and resolved, damages and other relief requested and awarded, and the date the award was rendered. *See* FINRA Code of Arbitration, Rule 12904(e) (2007). Except when expressly required under Rule 12904(g), an award may also contain a rational underlying the award. *See* FINRA Code of Arbitration Procedure, Rule 12904(f). The Award at issue fails to expressly state why Freecharm's claims were denied in their entirely. In support of vacatur or modification of the Award, Freecharm argues that the arbitrators exceeded their powers, disregarded the facts and law presented by Freecharm, evidenced partiality, and prejudiced Freecharm by refusing to recognize Petitioners' alleged concealment of discovery documents. Freecharm also challenges the credibility of evidence and witness testimony. Although the 2100 page transcript of the arbitration proceedings does afford the Court an opportunity to identify possible evidence of the panel's legal rationale, it does not afford the court the benefit of examining the credibility of the witnesses or the panel's analytical methodology.[1] The Court is also unable to ascertain from the bare-bones statement of the award what principle of law the arbitrators allegedly chose to ignore. *See Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1326 (11th Cir.

---

[1] Freecharm claims that it's motion "is not an attempt by Freecharm to re-litigate the merits of its case." By challenging the credibility of evidence presented and of witness testimony, Freecharm is indeed asking the court to re-litigate the merits of the dispute. *Int'l Broth. of Pulp, Sulphite and Paper Mill Workers, Local Union No. 874 v. St. Regis Paper Co.*, 362 F.2d 711 (5th Cir. 1966) (the merits of an arbitral proceeding embrace asserted errors in determining the credibility of witnesses, the weight to be given their testimony and the determination of factual issues). The losing party in an arbitration proceeding is not permitted to re-litigate the merits of its claim(s) in a request to vacate an arbitration award. *O.R. Securities, Inc. v. Prof'l Planning Assoc., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988).

3

2005) (there must be some showing on the record, other than the result obtained, that the arbitrators deliberately ignored the applicable law).

A district court has the authority to remand a case to an arbitration panel for the limited purpose of seeking clarification of whether the panel's intent in making an award evidences a manifest disregard of the law. *See Oil Chemical & Atomic Workers Int'l Union, Local 4-367 v. Rohm and Hass, Texas, Inc.*, 677 F.2d 492, 495 (5th Cir. 1982) (per curium) ("[R]emand to the arbitrator is the appropriate disposition of an enforcement action when an award is patently ambiguous, when the issues submitted were not fully resolved, or when the language of the award has generated a collateral dispute."); *Cleveland Paper Handlers and Sheet Straighteners Union No. 11 v. E.W. Scripps Co.*, 681 F.2d 457, 460 (6th Cir. 1982) (per curiam) ("An ambiguous award may not be enforced by should be remanded to the arbitrator."); *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461-62 (11th Cir. 1997) (ambiguity of arbitration award warranted remand to new arbitration panel); *Hardy v. Walsh Manning Sec., LLC*, 341 F.3d 126, 134 (2d Cir. 2003) (arbitration panel should be afforded opportunity to clarify intent in making an award). Accordingly, it is hereby **ORDERED and ADJUDGED** that this matter is remanded to the FINRA Arbitration Panel consisting of Barth Satuloff, John Hearn, and James Sankpill, for clarification as to why the award was rendered so that the Court will know exactly what it is being asked to enforce, modify or vacate. This case is *administratively* **CLOSED** pending receipt of the arbitration panel's clarification of the Award.

**DONE and ORDERED** in chambers at Miami, Florida this 13TH day of May 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*